J. S15032/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MTGLQ INVESTORS, L.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DEREK F. D'ANGIOLINI AND | : | |
| DONNA H. D'ANGIOLINI, | : | No. 2731 EDA 2016 |
| | : | |
| Appellants | : | |

Appeal from the Order, August 2, 2016
in the Court of Common Pleas of Bucks County
Civil Division at No. 2010-06371

BEFORE:  BOWES, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 16, 2017**

Derek F. D'Angiolini and Donna H. D'Angiolini (collectively, "appellants") appeal ***pro se*** the August 2, 2016 order of the Court of Common Pleas of Bucks County that granted the motion for summary judgment of Ditech Financial, LLC t/d/b/a Green Tree Servicing LLC[1] and entered a judgment in favor of appellee and against appellants in the

---

[1] The action was initially filed by the then mortgagee GMAC Mortgage LLC. Green Tree Servicing LLC ("Green Tree") was substituted for GMAC Mortgage on October 29, 2013, as mortgagee on October 29, 2013.  On January 15, 2016, Ditech Financial LLC ("Ditech") was substituted for Green Tree after Green Tree merged with Ditech and changed its name to Ditech.  After judgment was entered and appellants appealed, MTGLQ Investors, LP ("appellee") was substituted as plaintiff and judgment was marked to appellee's use on October 6, 2016, as mortgagee under a recorded assignment.  On December 19, 2016, appellee filed an application for substitution as appellee in this court.  This court granted the application by order dated January 23, 2017.

amount of $484,517.38 plus interest from February 20, 2016 plus other

costs as provided by law. We affirm.

The relevant facts, as recounted by the trial court, are as follows:

> On November 1, 2006, [a]ppellants made, executed and delivered a mortgage and promissory note to Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Mortgage, LLC d/b/a DiTech.Com. The mortgage loan was to be repaid on a monthly basis. The last monthly payment received by [a]ppellee[2] was February of 2010. On June 24, 2010, [a]ppellee filed a Complaint in Mortgage Foreclosure against [a]ppellants for their failure to tender timely monthly mortgage payments due March 1, 2010 and each month thereafter.
>
> Pursuant to [a]ppellants' enrollment in the Bucks County Mortgage Foreclosure Diversion Program, a Conciliation Conference was scheduled for September 13, 2010. Appellants failed to attend this Conference due to claimed illness. A second conference was scheduled for January 10, 2011. Appellants again did not appear. In light of [a]ppellants' repeated failure to appear, on January 12, 2011, this Court entered an order authorizing [a]ppellee to obtain a judgment by default pursuant to Pa. R.C.P. 237.1 and to otherwise proceed with the action as provided by rules of court.
>
> On August 4, 2010, [a]ppellant Derek D'Angiolini filed Preliminary Objections to [a]ppellee's Complaint. On January 28, 2011, [a]ppellee filed a Response to [a]ppellant's Preliminary Objections. Appellant Derek D'Angiolini filed an Answer on February 25, 2011. In his Answer, appellant Derek D'Angiolini denied paragraphs five and six of the Complaint, which aver that the mortgage is in default and the amount due

---

[2] References to "appellee" in the trial court's opinion refer to the mortgagee at the time.

on the mortgage. Appellant demanded proof of default and an accounting of payments made toward the mortgage, but did not offer an amount [a]ppellant believes is the correct balance due.

On March 30, 2011, [a]ppellee filed Preliminary Objections to [a]ppellant Derek D'Angiolini's Preliminary Objections to Plaintiff's Complaint. On April 20, 2011, [a]ppellant Derek D'Angiolini filed a Motion for Reconsideration and Petition for Stay, which requested that this Court reconsider the January 12, 2011 Order and provide a 120-day stay of execution to enable the parties to enter into an agreement under the federal Home Affordable Modification Program.

On May 3, 2011, the Honorable Judge Scott denied [a]ppellant's Petition for Stay. Appellant Derek D'Angiolini appealed the Order to the Superior Court of Pennsylvania. On August 11, 2011, the Superior Court quashed the appeal. On November 9, 2011, [a]ppellee filed Preliminary Objections to [a]ppellant Derek D'Angiolini's Preliminary Objections to [a]ppellee's Complaint.

On February 15, 2012, [a]ppellant Donna D'Angiolini filed Preliminary Objections to the Complaint. On October 12, 2012, this Court entered an Order overruling and dismissing [a]ppellant Donna D'Angiolini's Preliminary Objections and directed Appellants to file an Answer within twenty days. On November 5, 2012, [a]ppellant Donna D'Angiolini appealed the Order to the Superior Court and the Superior Court quashed it on March 26, 2013.

On December 4, 2012, [a]ppellant Donna D'Angiolini filed an Answer. The Answer was substantially the same as [a]ppellant Derek D'Angiolini's Answer, including denials of paragraphs five and six of the Complaint. Appellant Donna D'Angiolini similarly demanded proof of default and an accounting of payments, but did not

offer an amount [a]ppellant believes is the correct balance due.

On January 14, 2016, the [a]ppellee filed a praecipe for voluntary substitution of party plaintiff pursuant to Pa.R.C.P. 2352 to substitute DiTech Financial LLC f/k/a Green Tree Servicing LLC as successor plaintiff. On May 2, 2016, [a]ppellee filed a Motion for Summary Judgment. On May 31, 2016, [a]ppellants filed an Answer to Appellee's Motion for Summary Judgment, New Matter and Motion to Dismiss.[3] On July 20, 2016, [a]ppellee filed a Reply to [a]ppellants' New Matter and Motion to Dismiss.

On July 31, 2016, this Court entered an order granting [a]ppellee's Motion for Summary Judgment and ordering an **in rem** judgment be entered in favor of [a]ppellee and against [a]ppellants for $484,517.38 plus ongoing per diem interest, and other costs as provided by law. The Appellants then filed a notice of appeal to the Superior Court on August 18, 2016. On September 8, 2016, this Court ordered Appellants to file a concise statement of errors.

Trial court opinion, 10/18/16 at 1-3 (citations to record omitted).

In their brief, appellants failed to include a Statement of Questions Involved as required by Pa.R.A.P. 2111(a)(4) and Pa.R.A.P. 2116(a). Pa.R.A.P. 2116(a) provides in pertinent part:

The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised

---

[3] Appellant Derek F. D'Angiolini asserted in the motion to dismiss that Ditech did not have capacity to sue because it did not hold a mortgage. Ditech attached copies of the mortgage to its motion for summary of judgment and attached a certificate of merger to its response to the motion to dismiss that indicated that Ditech merged with Green Tree.

therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.

Pa.R.AP. 2116(a).

Although this court has the authority to dismiss claims raised in the argument section of the brief that are not listed in the statement of questions involved, this court, in the interest of justice, will address the arguments that we can reasonably discern. *See Commonwealth v. Harris*, ___ A.3d ___, 2017 WL 499427 (Pa.Super. February 7, 2017).

In the argument section of their brief, appellants raise the following two issues for this court's review: "[1.] Did the Lower Court err in entering an Order for Summary Judgment prior to addressing an Open Pleadings [sic]? [2.] Under the Rules of Civil Procedure and Rules of Appellate Procedure, is the entry of Summary Judgment, a Final Order?" (Appellants' brief at 5.)

This court reviews a grant of summary judgment under the following well-settled standards:

> Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-

> moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment.
>
> [O]n appeal from a grant of summary judgment, we must examine the record in a light most favorable to the non-moving party. With regard to questions of law, an appellate court's scope of review is plenary. The Superior Court will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its discretion. Judicial discretion requires action in conformity with law based on the facts and circumstances before the trial court after hearing and consideration.

> ***Gutteridge v. A.P. Green Services, Inc.***, 804 A.2d 650, 651 (Pa.Super. 2002).

***Wright v. Allied Signal, Inc.***, 963 A.2d 511, 514 (Pa.Super. 2008) (citation omitted). Summary judgment in mortgage foreclosure actions is subject to the same rules as any other civil action. ***See*** Pa.R.C.P. 1141(b).

Initially, appellants argue that the trial court erred when it granted appellee's motion for summary judgment without addressing appellants'

- 6 -

outstanding motions.[4] Appellants refer to a motion to dismiss which they filed as a response to appellee's motion for summary judgment. The Pennsylvania Rules of Civil Procedure do not recognize a motion to dismiss as a proper response to a motion for summary judgment. ***See*** Pa.R.C.P. 1035.3(b). As a result, the trial court was not required to dispose of that motion separately. Even if appellants had filed the motion to dismiss as a separate document, the substance of the motion that Ditech did not possess the mortgage and was not a proper party had no merit because an assignment of mortgage recorded on February 1, 2013 which was recorded in the Recorder of Deeds Office in Bucks County indicated that the mortgage with the appellants had been assigned to Green Tree. This assignment was attached to the motion for summary judgment. Further, it is clear from the record that Ditech was the new name of Green Tree. Additionally, the grant of the appellee's motion for summary judgment would moot the motion to dismiss.

Appellants next contend that the entry of the order granting summary judgment was not a final order as contemplated by Pa.R.A.P. 341(b) because it did not dispose of all claims and of all parties because the motion to dismiss and the motion to enter judgment of default judgment were still outstanding. This court has already determined that the motion was

---

[4] In addition to the motion to dismiss, appellant Derek F. D'Angiolini moved to enter judgment of default judgment due to appellee's failure to timely respond to the motion to dismiss.

procedurally improper. While the trial court could have dismissed the motions to make the disposition of the case clearer to appellants, the grant of the summary judgment motion entered judgment against appellants and in favor of appellee and was a final order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017